ELLIS SLATOFF, complainant-respondent,

*v.*

EDWARD E. THEURICH, surviving executor of the estate of Edward Theurich, deceased, defendant-appellant.

[Argued February 10th, 1939.   Decided April 21st, 1939.]

*Messrs. Kristeller & Zucker (Mr. Saul J. Zucker,* of counsel), for the complainant-respondent.

*Mr. Sholem Lipis (Mr. Isadore H. Colton,* of counsel), for the defendant-appellant.

The opinion of the court was delivered by

PORTER, J.

This is an appeal from a final decree of the court of chancery. It is the second time the case has come before this court.

It appears that the Newark Cleaning and Dye Works, Inc., purchased property from the Estate of Edward Theurich, appellant, and gave its mortgage for a part of the purchase price. The bond to secure this indebtedness was signed by the corporation and by three individuals: Morris Colton, Samuel Greene and Ellis Slatoff, the respondent. All these men were at that time officers of the corporation. The mortgage became in default; foreclosure in chancery followed. The sale of the mortgaged premises resulted in a deficiency of $16,259.19.

The liability of the corporation and of Colton and Greene for this deficiency was later compromised by the payment by them to the appellant of the sum of $2,000. Thereafter appellant instituted suits against Slatoff in the supreme court of this state and also in the supreme court of New York, in which state he then resided, for the recovery of the deficiency on the bond. The respondent then filed his bill in chancery seeking to enjoin the prosecutions of the actions at law and for other relief.

The learned vice-chancellor who heard the case decided that the composition of the liability of the corporation, Colton and Greene did not discharge the obligation of Slatoff, and advised the dismissal of the bill. From that determination an appeal was made to this court and heard at the February term, 1938. The decree was reversed. Mr. Justice Bodine

in speaking for this court (*123 N. J. Eq. 593*) held, in effect, that if Slatoff were a surety he would be discharged of liability by the composition of the debt of his principal.

It will be noted that this court did not adjudicate the question of whether or not Slatoff was a surety. Nor do we find that the court below found at the hearing or in its opinion that Slatoff was such. While it is true that neither the opinion nor the *remittitur* instructed the court below specifically what to do, it did remit the record for further proceedings in accordance with the opinion. A judicial determination of Slatoff's status, in fact, as to whether he was a surety or not, and if so, whether appellant had knowledge thereof, was necessary before the principle of law decided by this court could be applied. That not having been done, the case must be sent back for that purpose.

Other questions raised by the appellant are the correctness of the rulings of the trial court in sustaining objections by the respondent to the offer by the appellant to show by parol testimony conversations of the parties antedating the date of the conveyance of the property, and also conversations of the parties to the composition agreement at the time of its execution for the purpose of showing the alleged fact, that the respondent was a principal and not a surety.

We conclude that this testimony was admissible and to exclude it was harmful error.

The respondent by the bill to enjoin the suits at law raises questions cognizable only in equity. To ascertain the facts as to the equities between the parties, their true relationship to the transactions should be shown by the entire circumstances.

"The presumption that a party is a principal and not a surety may be rebutted by proper evidence; and where the names of two or more persons appear to an obligation, any of them may, without alleging fraud or mistake, allege and show that his relation thereto is only that of a surety." *50 C. J. 64.* That rule was followed in *Burack* v. *Mayers, 121 N. J. Eq. 135; affirmed, 122 N. J. Eq. 5;* and in *Reinfeld* v. *Fidelity Union Trust Co., 123 N. J. Eq. 428; affirmed, 125 N. J. Eq. 347.*

It follows that the decree is reversed, and the case remanded for the purpose of having determined the question of whether or not Slatoff was a surety, and if so, whether appellant had knowledge thereof.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ.   13.